IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CITY OF GLADEWATER<br>　*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 6:21-cv-357 |
| UNION PACIFIC RAILROAD COMPANY,<br>　*Defendant*. | §<br>§<br>§<br>§ | |

**UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL**

Union Pacific Railroad Company ("Union Pacific") files this notice of removal under 28 U.S.C. § 1446(a). Its basis for removal is diversity jurisdiction. There is complete diversity, and the amount of controversy exceeds $75,000.

**PROCEDURAL BACKGROUND AND NATURE OF THE CASE**

1. City of Gladewater ("Gladewater") filed its Original Petition for Condemnation against Union Pacific in the County Court at Law 2, Gregg County, Texas. Copies of all filings from the state-court suit are attached to this notice as *Exhibit A* as required by 28 U.S.C. § 1446(a).

2. Gladewater seeks to condemn nine tracts of land that are part of the active railroad right of way. It currently leases the tracts from Union Pacific to use for a public park, parking, and restroom facilities. Union Pacific rejected Gladewater's offer to purchase the tracts and objects to Gladewater acquiring the tracts through condemnation because the tracts are part of an active railroad right of way and the acquisition would interfere with both current and future railroad operations.

3. Union Pacific was served with the suit on August 13, 2021. This notice of removal is timely because it was filed within the 30-day time period required by 28 U.S.C. § 1446(b)(1).[1]

### BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. This action is removable based on diversity jurisdiction under 28 U.S.C. § 1332. The Declaration of Kylan Crawford is attached as *Exhibit B* in support of this notice.

**A.  Gladewater and Union Pacific are Citizens of Different States.**

5. Gladewater is a Texas home-rule municipality and, therefore, a citizen of Texas.

6. Union Pacific is an entity organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.

7. For purposes of this Notice of Removal, there is complete diversity of citizenship between Gladewater and Union Pacific.

**B.  The Amount in Controversy Exceeds $75,000.**

8. In a condemnation action, at a minimum, the amount in controversy includes the assessed value of the property sought to be condemned. *City of Sachse, Texas v. Kansas City Southern*, 564 F. Supp. 2d 649, 657 (E.D. Tex. 2008) (court utilized appraised value of property submitted by condemnor to determine amount in controversy was not met); *Mayor and City Council of Cumberland v. Lee*, 2006 WL 1329991, *3 (D. Md. May 15, 2006) ("in this condemnation action, the amount in controversy is the just compensation [condemnor] must pay [condemnee] for his property.").

9. When Gladewater presented its offer letter to Union Pacific, it contained an appraisal of the tracts that valued the tracts over $75,000. *See Exhibit B.* Accordingly, while the

---

[1] *See City of Sachse, Texas v. Kansas City Southern*, 564 F. Supp. 2d 649, 654-55 (E.D. Tex. 2008) (holding that an eminent domain proceeding was a civil action and, therefore, removable upon the filing of the petition for condemnation but prior to the filing of objections to the commissioners' award by the condemnee); *see also Madisonville Traction Co. v. Saint Bernard Mining Co.*, 196 U.S. 239, 246 (1905).

offer amount and appraised value are not identified in the Original Petition for Condemnation, Gladewater cannot dispute that the amount in controversy is satisfied. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2)(B).

## ADDITIONAL REQUIREMENTS

10. Venue is proper under 28 U.S.C. § 1441(a) because this district and division includes Gregg County, Texas, which is the location of the pending state court condemnation proceeding.

11. Union Pacific will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## CONCLUSION

Having satisfied the requirements for removal under 28 U.S.C. § 1331, 1332, 1441, and 1446, Union Pacific hereby gives notice that Case No. 2021-1379-CCL2 in the County Court at Law 2, Gregg County, Texas, has been removed to this Court.

Respectfully submitted,

Brown, Proctor & Howell, LLP
5805 64th Street, Ste. 6
Lubbock, Texas 79401
Telephone: 432-413-5223
Facsimile: 817-870-2427

By: */s/ Afton D. Sands*
    Afton D. Sands
    State Bar No. 24060555
    asands@brownproctor.com

**COUNSEL FOR UNION PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

      I certify that on September 10, 2021, a copy of Defendant Union Pacific Railroad's Notice of Removal was served on the following attorney for the City of Gladewater.

Ronald D. Stutes  
State Bar No. 19452600  
Wilson, Roberson & Cornelius, P.C.  
909 ESE Loop 323, Suite 400  
Tyler, Texas 75701  
903-509-5000  
903-509-5094 – fax  
rstutes@wilsonlawfirm.com

                                                  /s/ *Afton Sands*  
                                                  Afton Sands